IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                  No. CR 04-1558 BB

FELICIA SMALLBEAR,

        Defendant.


MEMORANDUM OPINION
AND
ORDER DENYING MOTION TO DISMISS INDICTMENT


        DEFENDANT has moved to dismiss the one-count indictment charging her with first degree murder on the ground that the amended PROTECT Act, 18 U.S.C. § 1111, (the "Act"), as here applied, violates the Due Process Clause of the Fifth Amendment. At oral argument on the motion on March 22, 2005, Defendant also sought to challenge the Act on Equal Protection grounds as well.  The Court allowed supplemental briefing and having considered the briefs finds:  (1) the Act does not violate Due Process by allowing "a child exception to the traditional *mens rea* requirement for first degree murder"; (2) the merger doctrine does not apply; and (3) Equal Protection does not prohibit including of only a child as a basis for felony murder.

I.      *Facts*

The indictment charges Defendant Felicia Smallbear with first degree murder under 18 U.S.C. § 1111(a) in that Ms. Smallbear "did unlawfully kill John Doe, an Indian child, with malice aforethought by perpetrating child abuse wherein the Defendant intentionally and knowingly caused the death and serious bodily injury to John Doe."  The Government alleges that on May 28, 2004, Defendant struck the child's head against a fireplace with sufficient force to cause an injury resulting in death.

II.     *Mens Rea*

The PROTECT Act, 18 U.S.C. § 1111, now provides:  "Every murder perpetrated by poison, lying in wait, or other kind of wilful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate ..., child abuse ... is murder in the first degree."  18 U.S.C. § 1111.  The Act defines "child abuse" as "intentionally or knowingly causing death or serious bodily injury to a child...."  18 U.S.C. § 1111(c)(3).

Defendant argues that under this standard, since "the Government no longer must prove intent to kill, upon the death of a child, the Government may convict a person of murder in the first degree upon nothing more than proof of knowingly causing serious bodily injury to the child."  (Mot. Dismiss p. 1).  Defendant reasons that this violates the Due Process guaranteed through the Fifth Amendment because "in Anglo-American jurisprudence premeditation is considered of great legal importance ...

imposing the same punishment on both a homicide that was not specifically intended and on one that was committed with the specific purpose of taking another's life; *i.e.*, with premeditation, imposes the same degree of punishment and stigma upon acts with widely divergent degrees of culpability." *Id.* Defendant concludes, "the '*actus reus*' has been significantly broadened to include acts that have never been considered first degree murder." (*Ibid.* p. 3).

While there is some logic and respectable legal authority to support Defendant's broad position,[1] the Tenth Circuit has expressly held it does not violate Due Process guarantees when Congress criminalizes acts against children even without requiring a *mens rea*. *United States v. Ransom*, 942 F.2d 775, 777 (10th Cir. 1991) (statutory rape is a "strict liability" offense). Moreover, the felony murder rule has long recognized the malice required for the underlying felony, even though it may not be "premeditation," is legally sufficient to transform the unpremeditated murder into first degree murder. *United States v. Nguyen*, 155 F.3d 1219, 1225 (10th Cir. 1998); *United States v. Tham*, 118 F.3d 1501 (11th Cir. 1997). *See further* 2 CHARLES E. TORCIA, WHARTON'S CRIMINAL LAW § 147 (15th ed. 1994). "Thus, to prove the malice aforethought element of felony murder, the prosecution only need show commission of the specified felony."

---

[1]     *See, e.g.,* Henry S. Noyes, *Felony Murder Doctrine Through the Federal Looking Glass*, 69 Ind. L.J. 533 (1994); *Graves v. Commonwealth*, 17 S.W.3d 858 (Ky. 2000); *State v. Bacon*, 658 A.2d 54 (Vt. 1995). Indeed, this shortcoming has been acknowledged in Great Britain where the doctrine of felony murder was conceived and has since been abolished. Homicide Act, 1957, 5 & 6 Eliz. 2, Ch. 11 § 1. *See further* 2 CHARLES E. TORCIA, WHARTON'S CRIMINAL LAW § 147, p. 296 (15th ed. 1994).

*United States v. Pearson*, 159 F.3d 480, 485 (10th Cir. 1998); *Montoya v. United States Parole Comm'n*, 908 F.2d 635, 638 (10th Cir. 1990); *cf. United States v. Sides*, 944 F.2d 1554, 1558 (10th Cir. 1991) (defendants continuing participation in armed robbery satisfied malice aforethought). "Because malice aforethought is proved by commission of the felony, there is no active intent requirement with respect to the homicide." *United States v. Chanthadara*, 230 F.3d 1237, 1238 (10th Cir. 2000).

Defendant further attacks this metamorphis of intent contending, "[t]he Act, by creating a presumption of premeditation upon a finding that the defendant knowingly caused serious bodily injury, removes from the jury's consideration the issue of a greater culpability to support first degree murder." (Mot. Dismiss p. 14.)  This argument lacks force in the context of the PROTECT Act.  The Act requires "intentionally or knowingly causing death or serious bodily injury."  As the *Pearson* Court pointed out, 18 U.S.C. § 1111 thus incorporates "the unlawful killing of a human being with 'malice aforethought' into its definition of felony murder."  159 F.3d at 485; *see also Drew v. State*, 771 P.2d 224, 228 (Okla. Crim. App. 1989).  Nor is this argument persuasive in the present factual context.  Certainly, intentionally hitting a baby's head against the fireplace with sufficient force to cause an injury resulting in death adequately places before the jury the issue of *mens rea*.

III.   *Doctrine of Merger*

Defendant next argues that the PROTECT Act, as applied here, is unconstitutional since the underlying felony is child abuse.  "[T]he predicate felony under the law of felony murder must be independent of the cause of death.  One cannot commit a felony murder if she commits a predicate felony with the intent to kill.'" (Mot. Dismiss p. 6).

Again, there is legitimate legal authority to support Defendant's underlying premise that since the violence supporting the felony is the same assault as that supporting the child abuse, the former should logically merge into the latter.[2]  The doctrine of merger is not, however, constitutionally based.  *Hopkins v. Reeves*, 524 U.S. 88 (1998); *Tillman v. Cook*, 25 F. Supp. 2d 1245, 1298 (D. Ut. 1998); *cf. State v. Crump*, 654 P.2d 922 (Kan. 1982) (no constitutional limit on charging premeditated murder and felony murder in the alternative).  Whether "child abuse" is a proper foundation for application of the judicially created felony murder doctrine varies from jurisdiction to jurisdiction.[3]  Of course, where, as here, the legislature has specified felony child abuse

---

[2]     2 WAYNE R. LAFAVE, SUBSTANTIVE CRIMINAL LAW § 14.5(g)(2) (2d. ed. 2003); JOSHUA DRESSLER, UNDERSTANDING CRIMINAL LAW § 31.00, p. 521 (3d ed. 2001); *In re Personal Restraint of Andress*, 56 P.3d 981 (Wash. 2002); *State v. Smallwood*, 955 P.2d 1209 (Kan. 1998).

[3]     *Compare State v. Colwell*, 790 P.2d 430 (Kan. 1990); *and Tucker v. State*, 675 P.2d 459 (Okla. Crim. App. 1984) (merger required); *with Cotton v. Commonwealth*, 546 S.E.2d 241 (Va. App. 2001); *Slocum v. State*, 757 So. 2d. 1246 (Fla. App. 2000); *State v. Williams*, 24 S.W.3d 101 (Mo. App. 2000) (merger not required).  For further discussion of the history and theories underlying merger, *see State v.* Campos, 921 P.2d 1266 (N.M. 1996).

as an appropriate act, the doctrine of merger, lacking a constitutional foundation, would not apply. *State v. Bluff*, 52 P.3d 1210 (Utah 2002); *State v. Torres*, 82 S.W.3d 236 (Tenn. 2002). Moreover, in the instant case the Government is not charging both felony child abuse and felony murder. Here, it is alleged the murder was perpetrated through child abuse, so the doctrine of merger would have no legitimate application to the alternative count.

IV.  *Equal Protection*

At oral argument, Defendant also raised a challenge to the PROTECT Act on Equal Protection grounds. The Court granted both parties the opportunity to file supplemental briefs on the issue. Defendant argues that the 2003 amendments to 18 U.S.C. § 1111 "deny Ms. Smallbear equal protection by creating an arbitrary legislative classification with no rational relationship to any legitimate government interest. The classification is arbitrary because it distinguishes levels of homicide and punishment based on irrational distinctions among unusually vulnerable victims ...."

Statutory classifications violate Equal Protection only if no grounds can be conceived to justify them as rationally related to a legitimate state interest. *Schilb v. Kuebel*, 404 U.S. 357, 364 (1971). The courts have long recognized children may be subject of special protection under the criminal law. *United States v. Castillo*, 140 F.3d 874, 883 (10th Cir. 1998); *United States v. Ransom*, 942 F.2d at 775; *People v. Noble*, 635 P.3d 203 (Colo. 1981); *State v. Lucero*, 531 P.2d 1215 (N.M. App. 1975). The

6

Constitution permits the legislature wide latitude in defining which groups should be included and which should be excluded. *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307 (1976); *United States v. Lee*, 957 F.2d 778, 782 (10th Cir. 1992). There is, then, no violation of Equal Protection when the legislature chooses child abuse but not certain other offenses as a predicate for felony murder. *Johnson v. State*, 61 P.3d 1234, 1248 (Wyo. 2003). Plaintiff claims that distinctions basd on age as a proxy for vulnerability also must fail. Equal Protection is not violated when the legislature punishes a crime against a young child more harshly than the same crime against an adult or even an older child. *People v. Mann*, 646 P.2d 352 (Colo. 1982); *United States ex rel. Brewer v. O'Leary*, 1987 WL 11639 (N.D. Ill.). Nor is the legislature required to treat all vulnerable victims in the same fashion as children since age itself is a rational constitutional basis for criminal sanctions. *Commonwealth v. Chamiel*, 610 A.2d 1058 (Pa. Super. 1992); *Carter v. State*, 647 P.2d 374 (Nev. 1982).

## O R D E R

For the above stated reasons, the Defendant's *Motion to Dismiss the Indictment* [doc. #32] is DENIED.

SO ORDERED this 26th day of April, 2005.

BRUCE D. BLACK
United States District Judge