# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                               Case No. 1:04-cr-1558 KWR

FELICIA SMALLBEAR,

    Defendant.

## ORDER DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on the Federal Public Defender's Motion to Appoint Counsel on Defendant's behalf **(Doc. 83)**.   For the reasons stated below, the Court finds that the motion to appoint counsel is not well-taken and therefore is **DENIED.**

Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a compassionate release motion. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of criminal conviction); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) (unpublished) (right to counsel does not extend to § 3582(c)(2) motion); *United States v. Olden*, 296 Fed. App'x. 671, 674 (10th Cir. 2008) (unpublished) (no right to appointment of counsel exists when pursuing relief under 18 U.S.C. § 3582(c)."); *United States v. Carrillo,* 389 Fed.Appx. 861, 863 (10th Cir.2010) (unpublished); *United States v. Olden,* 296 Fed.Appx. 671, 674 (10th Cir.2008) (unpublished); *United States v. Little*, CR No. 14-195 KG, 2020 WL 2736944, at *1; *United States v. Abascal*, No. 2:13-CR-2424-RB, 2020 WL 3265243, at *1 (D.N.M. June 17, 2020); *United States v. Stewart*, No. 1:15-CR-779 WJ, 2020 WL 3832954, at *2 (D.N.M. July 7, 2020).

However, the Court may appoint counsel in the interest of justice.   In determining whether

to appoint counsel, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

Applying these factors, the Court exercises its discretion and declines to appoint counsel. The Court has reviewed the record in this case, including Defendant's motion for compassionate release, FPD's Motion to Appoint Counsel, and the PSR (including addendums).  Defendant was convicted of one count of second-degree murder of a 17-month-old and was sentenced to 25 years imprisonment.  Defendant seeks release for extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1) because of COVID-19 and her underlying conditions. She is 39 years old and asserts she has two underlying conditions: asthma and obesity.  She has a release date of January 28, 2026.  Defendant's grounds for her motion for compassionate release appear to be straightforward, and she appears capable of presenting her claims.

**IT IS THEREFORE ORDERED** that FPD's Motion to Appoint Counsel (**Doc. 83**) is **DENIED**.

**IT IS FURTHER ORDERED** that the Government shall file a response to the motion for compassionate release **(Doc. 82)** within **fourteen (14) days** of the entry of this order.

**IT IS FINALLY ORDERED** that Defendant may file a reply within **fourteen (14) days** of service of the Government's response.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE